[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Gwendolyn George, conservator for the estate of Kevin A. Smith, appeals from a December 7, 1990 order of the Probate Court of the City of Newport pursuant to R.I.G.L. § 33-23-1. Appellant sought from the Probate Court approval of settlement of a claim, payment of certain expenses, and payment of an attorney's fee based on a contingent fee agreement. The court approved a $300,000.00 settlment of the claim and the payment of certain expenses. The court rejected, however, the payment of a contingent attorney's fee in the amount of $100,000.00 (i.e. 1/3 of the settlement as provided in the agreement). The Court instead awarded an attorney's fee of $25,000.00. The matter was reopened in the Probate Court on motion of the conservator's counsel for the purpose of presenting expert testimony on the question of an attorney's fee. At the November 30, 1990 hearing, evidence was presented which supported the reasonableness of the contingent fee agreement.
The Probate Court asserts that it has authority to approve attorney's fees with respect to conservatorships. The Probate Court in asserting such authority relies on Snow v. Miliken,373 Mass. 809, 370 N.E.2d 1001 (1977), in which the court held that a judge has the authority to raise the question of reasonableness of a contingent fee agreement on his own motion where the attorney intends to collect a fee from funds to be distributed through him by court order. In fact, this court finds as a matter of law that the Probate Court does have inherent authority to approve fee awards with respect to conservatorships. In exercising such authority, the Probate Court must be guided by the circumstances of a particular case. It is not free to exercise such authority in an arbitrary or capricious manner.
The appellant asserts that the court cannot exercise such authority where no one is challenging the fee. The appellant relies on a more recent Massachusetts Supreme Court decision and argues that a fee arrangement unchallenged by any of the parties to the action should not be modified. In Gagnon v. Shoblom,409 Mass. 63, 565 N.E.2d 775, the court stated that contingent fee agreements should not be altered when "no one is challenging the fee." Id at 67.
This court disagrees with the appellant's conclusion drawn from Gagnon. A closer reading of the case reveals that Gagnon
simply found that a particular court rule (i.e. Mass. S.J.C. Rule 3:05 pertaining to contingent fee arrangements) has no application when a party is not challenging a fee arrangement. Certainly, Gagnon could not be read to limit a Probate Court's inherent authority to approve fee awards pursuant to disbursement of funds under a conservatorship.
The question that this court must review is whether there is any basis for concluding that the Probate Court acted reasonably in denying the contingent fee arrangement and ordering a $25,000.00 fee. To make that determination, the court must review the totality of the circumstances that were known to the Probate Court. It is uncontroverted that the conservator did not challenge the contingent fee arrangement. In fact, she is prosecuting this appeal. Moreover, the guardian ad litem
— whose very status requires him to protect the rights of the ward — has raised no objection and in fact was present at the hearing regarding the fee. Furthermore, the only expert testimony offered for consideration was in favor of the contingent fee. While a court under these circumstances may still have the prerogative to rely on its own general knowledge in acting to approve or disapprove a fee, it must offer some explanation as to the basis of its action.
In this particular case, the Probate Court simply states that the contingent fee arrangement is unreasonable and that a $25,000.00 fee is reasonable. Based on the record as discussed above and the failure of the court to offer any explanation of its action aside from the conclusory assertions as above noted, this court finds the decision to alter the fee arrangement was arbitrary and capricious. Accordingly, the order of the court must be set aside and absent further findings, the contingent fee arrangement must be approved.
For the above and foregoing reasons, the order of the Probate Court of the City of Newport is vacated and remanded as to the issue of an attorney's fee, for proceedings not inconsistent with this decision.